

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00357-CV
### No. 10-15-00011-CV
### No. 10-15-00012-CV

**MARGARET CANNON,**

                                                                 **Appellant**

 **v.**

**DEPUTY MELVIN BOWSER, OFFICER BOBBY
WILLIAMS, OFFICER TRISTAN LOPEZ, MICHAEL
FORMICHELLA, CONNIE SPENCE, AND
THE CITY OF BRYAN,**

                                                                 **Appellees**

<hr>

#### From the 272nd District Court
#### Brazos County, Texas
#### Trial Court Nos. 13-002189-CV-272,
#### 13-002189-CVB-272 and 13-002189-CVD-272

## MEMORANDUM  OPINION

On November 19, 2014, appellant, Margaret L. Cannon, filed her first pro-se notice of appeal in this matter. In this notice of appeal, Cannon indicated that she wished to appeal trial-court orders dismissing her claims against the City of Bryan,

Officer Bobby Williams, and Officer Tristan Lopez.  Upon filing, this Court assigned the following appellate cause number to this entire matter:  10-14-00357-CV.[1]

## A.  Cannon's Claims Against Officer Lopez

A review of the record indicates that the trial court granted a motion to sever filed by Officer Lopez and, thereby, assigned a new trial court cause number for Cannon's claim against Officer Lopez—13-002189-CVB-272.  The trial court then dismissed Cannon's claim against Officer Lopez.  Therefore, on our own motion, we sever Cannon's appeal of the dismissal of her claims against Officer Lopez from her other claims in this matter.  *See* Tex. R. App. P. 43.6.  The Clerk shall docket Cannon's appeal of the dismissal of her claims against Officer Lopez as 10-15-00011-CV, styled Cannon v. Officer Tristan Lopez.

While this case has been pending, we have received a motion to dismiss filed by Officer Lopez, wherein he argues that this Court lacks jurisdiction over Cannon's appeal because Cannon did not timely file her notice of appeal as to him.  The record reflects that the trial court dismissed Cannon's claims as to Officer Lopez and severed the cause of action on September 15, 2014.  However, Cannon did not file her notice of appeal challenging the judgment rendered in favor of Officer Lopez until November 19, 2014, sixty-five days after the trial court signed its judgment.

---

[1] A review of the record indicates that Cannon filed suit against Michael Formichella in the main action.  Apparently, the trial court dismissed Cannon's claim against Formichella on July 7, 2014.  A closer examination of the record shows that Cannon did not file a notice of appeal as to Formichella.  Nevertheless, Formichella has been named as an appellee in this matter.

On December 23, 2014, this Court received a motion to dismiss filed by Formichella, arguing that any appeal against him should be dismissed for lack of jurisdiction.  Because the record does not contain a notice of appeal referencing Formichella, we therefore grant Formichella's motion to dismiss.

By letter dated November 26, 2014, this Court informed Cannon that her notice of appeal as to Officer Lopez appeared to be untimely. After warning Cannon that her appeal could be dismissed, this Court requested that Cannon file a compliant notice of appeal and a response showing grounds for continuing this appeal. *See id.* at R. 26.1, 42.3, 44.3.

Cannon filed a response to our November 26, 2014 letter, and after reviewing the response, we conclude that Cannon's notice of appeal as to Officer Lopez was untimely. *See id.* at R. 26.1(a) (providing that a notice of appeal must be filed within thirty days after the judgment is signed). Accordingly, Cannon's appeal in appellate cause number 10-15-00011-CV is dismissed.

**B. CANNON'S CLAIMS AGAINST THE CITY OF BRYAN AND OFFICER WILLIAMS**

Furthermore, the record reflects that, on September 15, 2014, the trial court dismissed Cannon's claims against the City of Bryan and Officer Williams. The trial court did not sever these claims from the main lawsuit. In any event, in our letter dated November 26, 2014, we notified Cannon that her notice of appeal as to the City of Bryan and Officer Williams appeared to be untimely. As we did with the claim against Officer Lopez, we warned Cannon that her appeal as to the City of Bryan and Officer Williams would be dismissed, unless she filed a compliant notice of appeal and a response showing grounds for continuing the appeal. Cannon filed a response, and shortly thereafter, the City of Bryan and Officer Williams filed a motion to dismiss Cannon's appeal for lack of jurisdiction, arguing that Cannon's notice of appeal was not timely filed. After reviewing the record, including Cannon's response and the motion to

dismiss filed, we conclude that Cannon's notice of appeal as to the City of Bryan and Officer Williams is untimely, especially considering that her notice of appeal was filed sixty-five days after the trial court signed its judgment. *See* TEX. R. APP. P. 26.1(a).

Ordinarily, we would simply dismiss Cannon's entire appeal for this fatal flaw. However, claims against another defendant named in the underlying lawsuit remains. Because of this, on our own motion, we sever Cannon's appeal of her claims against the City of Bryan and Officer Williams. *See id.* at R. 43.6. The Clerk shall docket Cannon's appeal of her claims against the City of Bryan and Officer Williams as 10-15-00012-CV, styled Cannon v. City of Bryan and Officer Bobby Williams. And given that Cannon's notice of appeal as to the City of Bryan and Officer Williams is untimely, we dismiss appellate cause number 10-15-00012-CV.

### C. CANNON'S SECOND NOTICE OF APPEAL

On November 24, 2014, Cannon filed a second pro-se notice of appeal, challenging the trial court's dismissal of her claims against Connie Spence. Under Texas Rule of Appellate Procedure 12.2(c), the Clerk of this Court assigned the same appellate cause number—10-14-00357-CV—for Cannon's second notice of appeal as was done for Cannon's first notice of appeal. *See* TEX. R. APP. P. 12.2(c) ("All notices of appeal filed in the same case must be given the same docket number."). The record reflects that the trial court signed its judgment dismissing Cannon's claims against Spence on October 23, 2014. And based on our calculations, Cannon's appeal as to

Spence appears to be timely.[2] *See id.* at R. 4.1(a), 26.1.  Accordingly, Cannon's appeal as

to Spence remains pending in appellate cause number 10-14-00357-CV.[3]


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeals severed and dismissed
Opinion delivered and filed January 22, 2015
[CV06]



---

[2] As stated earlier, the trial court dismissed Cannon's claims as to Spence on October 23, 2014. Under Texas Rule of Appellate Procedure 26.1(a), Cannon's notice of appeal as to Spence was due on November 22, 2014.  *See* TEX. R. APP. P. 26.1(a).  However, November 22, 2014 fell on a Saturday. Therefore, pursuant to Texas Rule of Appellate Procedure 4.1(a), Cannon's notice of appeal as to Spence was due on November 24, 2014. *See id.* at R. 4.1(a) ("The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[3] We note that, on October 23, 2014, the trial court not only dismissed Cannon's claim against Spence, but also severed the cause of action from the main action.  Cannon's claim against Spence was assigned a new trial court cause number—13-002189-CVD-272.  Ordinarily, we would assign a new appellate cause number for this claim; however, given that we have severed Cannon's claims against Officers Lopez and Williams and the City of Bryan from the main action, there is no need to create another new appellate cause number.